UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALANA DUNN, | Case No.  1:23-cv-01565-JLT-SKO |
| Plaintiff, | FIRST SCREENING ORDER |
| v. | (Doc. 1) |
| HUD/URBAN DEVELOPMENT, et al., | **THIRTY-DAY DEADLINE** |
| Defendants. | ORDER DENYING "MOTION FOR A TRIAL" |
| | (Doc. 3) |

Plaintiff Alana Dunn, proceeding pro se and *in forma pauperis*, filed a complaint on November 6, 2023.  (Doc. 1.)  Upon reviewing the complaint, the Court concludes that the complaint fails to state any cognizable claims.

Plaintiff has the following options as to how to proceed.  She may file an amended complaint, which the Court will screen in due course.  Alternatively, Plaintiff may file a statement with the Court stating that she wants to stand on this complaint and have it reviewed by the presiding district judge, in which case the Court will issue findings and recommendations to the district judge consistent with this order.  If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

Also pending before the Court is Plaintiff's "motion for trial" (Doc. 3), which will be denied without prejudice as premature in light of the Court's screening requirement, described below.[1]

---

[1] It is unclear whether such "motion" was intended to be filed in this case, since it is captioned "Superior Court of

1

## I. SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim based on (1) the lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court, however, need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S.

---

California, County of Fresno" and lists other defendants in addition to those named in Plaintiff's complaint. (*Compare* Doc. 3 *with* Doc. 1.)

at 678.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

## II.  SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff prepared the complaint on a form titled "Complaint for a Civil Case."  (Doc. 1.) The complaint lists four defendants: (1) "HUD/Urban Development"; (2) "Freedom Mortgages"; (3) "London Property Real Estates"; and (4) "21 Centry."  (*Id*. at 1–3.)

Under "Basis for Jurisdiction," Plaintiff checked the box for "Federal Question."  (Doc. 1 at 4.)  In the section in which she is asked to indicate which of her federal constitutional or federal statutory rights have been violated, she lists the following: "forged documents, lien, interest quiet title signature, asbestios [sic] property, wrongful death, intentional fraud."  (*Id*.)  The Civil Cover Sheet lists the "Cause of Action" as "U.S. Civil Statute: 47 U.S.C.[§] 553 unauthorized."  (Doc. 1-1.)

Although difficult to decipher, the handwritten statement of claim section of the complaint appears to read as follows:

> Freedom Mortgages, Summit of Correction Form Fraud on HUD/Urban Develop. The sold of the home unsafe for disable kids.  Real estate company and seller, during the sale of my home, and a purchase home found out lien by HUD/Urban Devlopl Sanovna Solar, PACE, Lien.  The selling the home of my $350,000 purchase home 6303 N. Palm Ave. 93703 for $350,000 = + $350,000.

(Doc. 1 at 5.)  Regarding the relief sought, Plaintiff appears to write:

> I have ask for my refund with City of Fresno, Demo, Planning & Building 7,500.  I have Freedom Mortgages lien, fraud, signature 15,800, received by HUD/Urban Development Check.  London Property sold a damages wall, floor, bathroom, leaks… Repairs $47,900 Nobel Credit Union Loan Borrow $47,900.

(*Id*. at 6.)  Plaintiff attaches to her complaint 112 pages comprised of various correspondence, property tax statements, mortgage and real estate documents, and state court forms.  (*See id*. at 7–118.)

## III.  DISCUSSION

For the reasons discussed below, the Court finds that the complaint does not state any

3

cognizable claims. Plaintiff shall be provided with the legal standards that appear to apply to her claims and will be granted an opportunity to file an amended complaint to correct the identified deficiencies.

**A.    Rule 8**

Rule 8 of the Federal Rules of Civil Procedure states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Here, Plaintiff's complaint violates Rule 8 because it does not contain a short and plain statement of the claims demonstrating that she is entitled to relief.

Although the Federal Rules use a flexible pleading policy, Plaintiff is required to give fair notice to the defendants of the basis of her claims and must allege facts that support the elements of the claims plainly and succinctly. A complaint must contain sufficient factual allegations to give the defendant fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555. A complaint is also required to contain sufficient factual content for the Court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

Here, there are no discernable factual allegations in the complaint that identify the basis of the claim(s). A list of terms "forged documents, lien, interest quiet title signature, asbestios [sic] property, wrongful death, intentional fraud," without more, is not enough.[2] Plaintiff's statement of her claim is difficult to understand, and in any event does not allege any specific facts giving rise to liability by the named defendants. In short, it is unclear to the Court how the alleged conduct by the defendants establishes the claims that Plaintiff purports to bring against them. "It is Plaintiff's duty to articulate [their] claim[s]—neither the Court nor the defendants are required to try to decipher what claims Plaintiff is asserting in the action." *Zavala v. Regiosa*, No. 1:21-cv-01631-NONE-SKO, 2022 WL 428158, at *2 (E.D. Cal. Feb. 11, 2022).

In light of these deficiencies, the Court will grant Plaintiff leave to amend her complaint

---

[2] To the extent Plaintiff intends to bring a claim under 47 U.S.C.§ 553, identified in the Civil Cover Sheet, such claim is not cognizable. That statute prohibits receiving cable communications service without permission of the operator, thereby prohibiting the theft of commercial cable communications. *See id*. Because Plaintiff does not explain how this statute applies here, her claim is insufficiently stated. *See Iqbal*, 566 U.S. at 679.

and set forth her claims more clearly. If Plaintiff elects to amend her complaint, she must state the legal basis for the claim, and identify how the facts alleged support and show that the defendants committed the violation asserted as the legal basis for the claims. *See* Fed. R. Civ. P. 8(a). Simply listing the parties and providing unclear recitations of legal terms and statutory provisions is not sufficient.

**B.    Legal Standards**

In the event Plaintiff amends her complaint, the Court provides the following legal standards that may be relevant to her action:

1.    Sovereign Immunity

Plaintiff names as a defendant "HUD/Urban Development," which the Court construes to mean the U.S. Department of Housing and Urban Development ("HUD").

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 486 (1994). A suit against such a defendant would "merely be another way of pleading an action against the United States, which would be barred by the doctrine of sovereign immunity." *Consejo De Desarrollo Economico De Mexicali, A.C. v. U.S.*, 482 F.3d 1157, 1173 (9th Cir. 2007) (citation omitted).

Accordingly, in the absence of waiver, HUD is entitled to sovereign immunity and subject to dismissal without leave to amend because amendment would be futile to overcome the immunity bar. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004). *See also Mack v. California*, No. ED CV 19-209-AG (SP), 2019 WL 7877391, at *14 (C.D. Cal. Aug. 9, 2019) (dismissing HUD on sovereign immunity grounds); *Kendall v. HUD*, No. CV 06-491 SEJL, 2007 WL 1576640, at *5 (D. Idaho May 22, 2007) (same).

2.    Federal Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. *U.S. v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000). Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Generally, there are two bases for subject matter jurisdiction: federal question jurisdiction

1  and diversity jurisdiction.  28 U.S.C. §§ 1331, 1332.

2  Pursuant to 28 U.S.C. § 1331, federal district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)).  The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Pursuant to 28 U.S.C. § 1332, district courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs,"[3] and the action is between: (1) "citizens of different States;" (2) "citizens of a State and citizens or subjects of a foreign state;" (3) "citizens of different States and in which citizens or subjects of a foreign state are additional parties;" and (4) "a foreign state . . . as plaintiff and citizens of a State or of different States."

The complaint states that federal question exists in this action, but the basis for federal jurisdiction is unclear.  If Plaintiff elects to amend her complaint, she must allege facts establishing the existence of subject matter jurisdiction to proceed in federal court.

3. "Quiet Title"

Plaintiff lists "interest quiet title signature" as a cause of action. (Doc. 1 at 4.)  To the extent

---

[3] Generally, the sum claimed by the plaintiff as the amount in controversy "controls if the claim is apparently made in good faith." *Chouduri v. Wells Fargo Bank, N.A.*, No. 15-cv-03608-VC, 2016 WL 3212454, at *3 (N.D. Cal. June 10, 2016) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)).  Making a claim in "good faith" means a plaintiff's "estimations of the amounts recoverable must be realistic" and objective, not based on "fanciful, pie-in-the-sky, or simply wishful amounts." *Id.*  A district court has an "independent obligation to examine its jurisdiction where doubts arise," and "would be remiss in its obligations if it accepted every claim of damages at face value . . . ." *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1231 (N.D. Cal. 2000) (internal quotation marks omitted).  Even liberally construing a complaint, as a court must when a plaintiff is proceeding pro se, "the [c]ourt must still have some allegations from which it 'may infer a good faith basis for recovery of damages in such an amount.'" *Singman v. Amazon.com, Inc.*, No. CV 19-10882-AB (Ex), 2020 WL 4873569, at *4 (C.D. Cal. May 27, 2020) (quoting *Neat-N-Tidy Co. v. Tradepower (Holdings) Ltd.*, 777 F. Supp. 1153, 1156 (S.D.N.Y. 1991)).

1    Plaintiff intends to bring a quiet title action, the current complaint does not sufficiently allege facts
2    in support of it.

3    To maintain a quiet title action, a plaintiff must allege specific facts supporting their
4    allegations. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). California Code
5    of Civil Procedure § 760.010 provides for an action "to establish title against adverse claims to real
6    or personal property or any interest therein." Such an action requires a plaintiff to allege (1) the
7    legal description and street address of the subject property; (2) plaintiff's title to the property for
8    which determination is sought and the basis of the title claim; (3) the adverse claims to the title of
9    the plaintiff against which the determination is sought; (4) the date as of which the determination
10   is sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse
11   claims. California Code of Civil Procedure § 761.020. A quiet title claim also requires the plaintiff
12   to allege that they are the rightful owner of the property in that they have satisfied all obligations
13   under the deed of trust. *See Kelley v. Mortgage Electronic Registration Systems, Inc*., 642 F. Supp.
14   2d 1048, 1057 (N.D. Cal. 2009).

15   In particular, the mortgagor must allege that they have paid, or tendered payment of, the
16   full amount due under the mortgage. In California, a mortgagor cannot quiet title against the
17   mortgagee without paying the debt secured. *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934). An
18   action to set aside a sale under a deed of trust does not state a cause of action unless it is
19   accompanied by an offer to redeem. *Copsey v. Sacramento Bank*, 133 Cal. 659, 662 (1901).

20       4.    "Wrongful Death"

21   Plaintiff also lists "wrongful death" (Doc. 1 at 4), yet it is not at all clear how a claim is
22   applicable to this action. (*See* Doc. 1 at 4.) "A wrongful death claim may be brought by the
23   'surviving spouse, domestic partner, children, and issue of deceased children' of the decedent."
24   *Raymond v. Martin*, No. 1-18-cv-00307-DAD-JLT, 2018 WL 4560686, at *2 (E.D. Cal. Sept. 20,
25   2018) (citing Cal. Civ. Proc. Code § 377.60(a)). "The elements of the cause of action for wrongful
26   death are the tort (negligence or other wrongful act), the resulting death, and the damages,
27   consisting of the pecuniary loss suffered by the heirs." *Quiroz v. Seventh Ave. Ctr*., 140 Cal. App.
28   4th 1256, 1263 (2006) (citation, internal quotation marks, and emphasis omitted).

    5.  <u>"Intentional Fraud"</u>

  Again, Plaintiff alleges a legal conclusion, not facts supporting her claim. Under California law, the "elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damages. *Robinson Helicopter Co., Inc. v. Dana Corp.* ., 34 Cal.4th 979, 990 (2004). Federal Rule of Civil Procedure 9(b) requires that, when a plaintiff alleges fraud, the circumstances constituting the alleged fraud must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Although the substantive elements of fraud are established by state law, a plaintiff must plead the elements in accordance with the requirements of F.R.Civ.P. 9(b). *See Vess v. Ciba–Geigy Corp., USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). Allegations of fraud should specifically include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106. In other words, a plaintiff must allege facts establishing "the who, what, when, where, and how" of the fraud. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).

**C. Leave to Amend**

  The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claims. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint so she can set forth a basis for subject matter jurisdiction and specify her claims with additional factual allegations. *Lopez*, 203 F.3d at 1130.

  Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must identify what causes of action are being pursued, identify the improper actions or basis for liability of each defendant, and the factual allegations must demonstrate plausible claims, *Iqbal*, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). Each claim and the

involvement of each defendant must be sufficiently alleged.  Plaintiff is advised that, in determining whether a complaint states cognizable claims, the Court's duty is to evaluate the complaint's factual allegations, not to wade through exhibits.

Plaintiff is further advised that an amended complaint supersedes all prior complaints filed in an action, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.  Although Plaintiff has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff has a choice on how to proceed.  Plaintiff may file an amended complaint as described above, which will be screened in due course.  Alternatively, Plaintiff may choose to stand on her complaint subject to the Court issuing findings and recommendations to a district judge consistent with this order.  Lastly, Plaintiff may file a notice of voluntary dismissal.

## IV.     ORDER

Based on the foregoing, IT IS ORDERED that:

1. Plaintiff's "motion for a trial" (Doc. 3) is denied without prejudice.
2. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
    a. File a First Amended Complaint;
    b. Notify the Court in writing that she wants to stand on the current complaint; or
    c. File a notice of voluntary dismissal.
3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:23-cv-01565-JLT-SKO.

4. **<u>Failure to comply with this order may result in the dismissal of this action.</u>**

IT IS SO ORDERED.

Dated:   **November 27, 2023**                             /s/ *Sheila K. Oberto*                 
                                                                              UNITED STATES MAGISTRATE JUDGE