UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALANA DUNN,<br><br>        Plaintiff,<br><br>    v.<br><br>HUD/URBAN DEVELOPMENT, et al.,<br><br>        Defendants. | Case No. 1:23-cv-01565-JLT-SKO<br><br>FINDINGS AND RECOMMENDATION THAT THE CASE BE DISMISSED FOR FAILURE TO STATE A CLAIM<br><br>(Docs. 5 & 6)<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff Alana Dunn, proceeding pro se and *in forma pauperis* in this action, filed a civil complaint on November 6, 2023. (Doc. 1). On November 28, 2023, the undersigned screened the complaint, found that it failed to state any cognizable claims, and granted Plaintiff thirty days leave to file an amended complaint curing the pleading deficiencies identified in the order. (Doc. 5.)

On December 21, 2023, Plaintiff filed an amended complaint, which is before the Court for screening. (Doc. 6.) After screening Plaintiff's amended complaint, the Court finds that despite the explicit recitation of the deficiencies of the original complaint, Plaintiff has failed to plead any cognizable claims. Accordingly, the Court RECOMMENDS that Plaintiff's amended complaint be DISMISSED without leave to amend.

**I.    SCREENING REQUIREMENT**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty

is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim).  If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint may be dismissed as a matter of law for failure to state a claim based on (1) the lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  The plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest.  *See, e.g., Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The Court, however, need not accept a plaintiff's legal conclusions as true.  *Iqbal*, 556 U.S. at 678.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

## II.  DISCUSSION

### A.  Plaintiff's Allegations

The 18-page, difficult-to-discern, handwritten amended complaint appears to allege that the defendants "HUD/Urban Development," "London Property Real Estates," "Freedom Mortgages," and "21 Century Wastons Real Estates" engaged in "telephone harassment," "vandalism," and "fraud" relating to the purchase of a home. (Doc. 6 at 2, 4.) Plaintiff purports to bring her action under 42 U.S.C. § 1983 ("Section 1983"). (*Id*. at 4.)

### B.  Plaintiff Fails to State a Cognizable Claim

#### 1.  The Amended Complaint Violates Rules 8 and 9(b)

As set forth above, Rule 8 of the Federal Rules of Civil Procedure states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Plaintiff's amended complaint violates Rule 8 because it does not contain a short and plain statement of the claims demonstrating that she is entitled to relief.

Although the Federal Rules use a flexible pleading policy, Plaintiff is required to give fair notice to the defendants of the basis of her claims and must allege facts that support the elements of the claims plainly and succinctly. A complaint must contain sufficient factual allegations to give the defendant fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555. A complaint is also required to contain sufficient factual content for the Court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

Plaintiff's statement of her claim is difficult to understand and does not allege any specific facts giving rise to liability by the named defendants. The amended complaint refers to various individuals, *e.g.*, "Irma," "Mrs. Flores," "Richard Pearson," "Brazil," without any indication as to what relationship, if any, each bears to the named defendants. In short, it is unclear to the Court how the alleged conduct establishes the claims that Plaintiff purports to bring against the defendants. "It is Plaintiff's duty to articulate [their] claim[s]—neither the Court nor the defendants are required to try to decipher what claims Plaintiff is asserting in the action." *Zavala v. Regiosa*, No. 1:21-cv-01631-NONE-SKO, 2022 WL 428158, at *2 (E.D. Cal. Feb. 11, 2022).

In addition, although the amended complaint contains the word "fraud," there are no facts alleged against any of the named defendants supporting this claim. Under California law, the "elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, *i.e.*, to induce reliance; (4) justifiable reliance; and (5) resulting damages. *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal.4th 979, 990 (2004). Federal Rule of Civil Procedure 9(b) requires that, when a plaintiff alleges fraud, the circumstances constituting the alleged fraud must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Although the substantive elements of fraud are established by state law, a plaintiff must plead the elements in accordance with the requirements of Rule 9(b). *See Vess v. Ciba–Geigy Corp., USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). Allegations of fraud should specifically include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106. In other words, a plaintiff must allege facts establishing "the who, what, when, where, and how" of the fraud. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). Plaintiff's amended complaint does not meet this heightened pleading standard.

### 2. Defendant "HUD/Urban Development" is Immune

As in her initial complaint, Plaintiff names as a defendant "HUD/Urban Development," which the Court construes to mean the U.S. Department of Housing and Urban Development ("HUD"). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 486 (1994). A suit against such a defendant would "merely be another way of pleading an action against the United States, which would be barred by the doctrine of sovereign immunity." *Consejo De Desarrollo Economico De Mexicali, A.C. v. U.S.*, 482 F.3d 1157, 1173 (9th Cir. 2007) (citation omitted).

No waiver has been pleaded in this case. HUD is therefore entitled to sovereign immunity and subject to dismissal without leave to amend because amendment would be futile to overcome

the immunity bar. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004). *See also Mack v. California*, No. ED CV 19-209-AG (SP), 2019 WL 7877391, at *14 (C.D. Cal. Aug. 9, 2019) (dismissing HUD on sovereign immunity grounds); *Kendall v. HUD*, No. CV 06-491 SEJL, 2007 WL 1576640, at *5 (D. Idaho May 22, 2007) (same).

### 3.     **Plaintiff Fails to Plead State Action under Section 1983**

Plaintiff purports to bring her claims under Section 1983. (Doc. 6 at 4.) To state a claim under Section 1983, a plaintiff must allege that the defendant (1) acted under color of state law, and (2) deprived them of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). With regard to the first element, private parties are not generally acting under color of state law for the purposes of Section 1983. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) ("Careful adherence to the 'state action' requirement preserves an area of individual freedom by limiting the reach of federal law and federal judicial power. It also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.") (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936–37 (1982)). There exist, however, some circumstances in which the actions of a private actor may render that actor liable under section 1983. *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 954 (9th Cir. 2008) (en banc). Specifically, a plaintiff must show that "the conduct allegedly causing the deprivation of a federal right [was] fairly attributable to the State." *Lugar*, 457 U.S. at 937.

Here, all of the non-immune defendants are private parties, and Plaintiff fails to allege facts to support a finding that any defendant has acted such that their conduct is fairly attributable to the government. Accordingly, Plaintiff has failed to state a cognizable Section 1983 claim.

### C.     **Leave to Amend is Not Recommended**

When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks omitted); *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. (9th Cir. 1996). However,

once the court has already granted a plaintiff leave to amend a complaint, the court's discretion in determining whether to allow additional opportunities to amend is particularly broad. *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 794 (9th Cir. 2012) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616,622 (9th Cir.2 004)); *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).

Further amendment is not appropriate in this case. When dismissing the initial complaint, the undersigned advised Plaintiff could file an amended complaint if she believed that she could specify her claims in a clear and concise manner with additional factual allegations. (*See* Doc. 5.) Plaintiff has repeatedly demonstrated that she is unable to marshal facts sufficient to constitute a cognizable claim and that the addition of more detailed factual allegations or revision of Plaintiff's claims will not cure the defects of her amended complaint. Thus, the undersigned declines to give any further leave to amend and recommends that the action be dismissed.

### III.   CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's amended complaint (Doc. 6) be DISMISSED without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. **Within fourteen (14) days** of service of this recommendation, any party may file written objections to these findings and recommendation with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **January 18, 2024**                    /s/ *Sheila K. Oberto*
                                                           UNITED STATES MAGISTRATE JUDGE