**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALANA DUNN,<br><br>    Plaintiff,<br><br>    v.<br><br>HUD/URBAN DEVELOPMENT, et al.,<br><br>    Defendants. | Case No.  1:23-cv-01565 JLT SKO<br><br>ORDER ADOPTING IN FULL FINDINGS AND RECOMMENDATIONS THAT THIS CASE BE DISMISSED FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 7) |

Alana Dunn is proceeding *pro se* and *in forma pauperis* in this action, which she initiated by filing a complaint on November 6, 2023.  (Doc. 1.)  On November 28, 2023, the assigned magistrate judge found Plaintiff did not state any cognizable claim.  (Doc. 5 at 4–8.)  Plaintiff was granted thirty days in which to file an amended complaint "so that she can set forth a basis for subject matter jurisdiction and specify her claims with additional factual allegations."  (*Id*. at 8.)

On December 21, 2023, Plaintiff filed an amended complaint.  (Doc. 6.)  The magistrate judge screened the amended complaint on January 18, 2024, and issued Findings and Recommendations to dismiss the action.  (Doc. 7.)  The magistrate judge determined "Plaintiff's statement of her claim is difficult to understand and does not allege any specific facts giving rise to liability by the named defendants."  (*Id.* at 3.)  Plaintiff also failed to meet the "heightened pleading standard" for fraud claims, failed to "allege facts to support a finding that any defendant has acted such that their conduct is fairly attributable to the government" for purposes of a claim

1

under 42 U.S.C. § 1983, and that Defendant HUD was "entitled to sovereign immunity and subject to dismissal." (*Id*. at 3–4.) Further, the magistrate judge noted that "Plaintiff has repeatedly demonstrated that she is unable to marshal facts sufficient to constitute a cognizable claim and that the addition of more detailed factual allegations or revision of Plaintiff's claims will not cure the defects of her amended complaint." (*Id.* at 6.) Therefore, the magistrate judge recommended dismissal for failure to state a claim. (*Id*.)

The Findings and Recommendations contained notice that any objections were due within 14 days. (Doc. 7 at 6.) On January 22, 2024, Plaintiff filed document titled "Petition for Release of Property from Lien," which appears to contain objections directed to the Findings and Recommendations. (Doc. 8.)[1]

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and *Britt v. Simi Valley United Sch. Dist*., 708 F.2d 452, 454 (9th Cir. 1983), this Court performed a de novo review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court ORDERS:

1. The Findings and Recommendations issued January 18, 2024 (Doc. 7) are **ADOPTED** in full.
2. This action is **DISMISSED** due to Plaintiff's failure to state a claim.
3. The Clerk of Court is directed to **CLOSE** this case.

IT IS SO ORDERED.

Dated:   **February 9, 2024**

UNITED STATES DISTRICT JUDGE

---

[1] To the extent Plaintiff intended for her January 22, 2024 filing to be a notice of appeal or appellate brief concerning the Findings and Recommendations, this Court will not construe them as such. The Findings and Recommendations did not constitute an appealable order because they were subject to review by a district judge. This order, in contrast, constitutes a final, appealable order.